SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

PEGGY HAMIL,

                Plaintiff(s),

-against-

COSTCO TIRE CENTER and COSTCO WHOLESALE CORPORATION,

                Defendant(s).

---

INDEX NO.
Filed:

Plaintiff designates QUEENS County as the place of trial.

**S U M M O N S**

The basis of venue is the County in which the accident occurred.

**TO THE ABOVE NAMED DEFENDANTS:**

    **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the plaintiff's attorneys within 20 days after the service of this summons, exclusive of the day of service of this summons, or within 30 days after service of this summons is complete if this summons is not personally delivered to you within the State of New York.

    In case of your failure to answer this summons, a judgment by default will be taken against you for the relief demanded in the complaint, together with the costs of this action.

Dated: New York, New York
       May 3, 2021

---

HOWARD RAPHAELSON, ESQ.
**RAPHAELSON & LEVINE LAW FIRM, P.C.**
Attorneys for Plaintiff(s)
Pennsylvania Building
14 Penn Plaza, Suite 1718
New York, New York 10122
(212) 268-3222

**Defendants:**

**COSTCO TIRE CENTER**
3250 Vernon Blvd.
Long Island City, NY 11106

**COSTCO WHOLESALE CORPORATION**
111 Eighth Ave
New York, NY 10011

AND

CT CORPORATION SYSTEM
28 Liberty Street
New York, New York 10005

(and Via Secretary of State)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

PEGGY HAMIL,

                    Plaintiff,

      -against-

COSTCO TIRE CENTER and COSTCO WHOLESALE CORPORATION,

                    Defendants.

---

INDEX NO.

**VERIFIED COMPLAINT**

Plaintiff, by her attorneys, **RAPHAELSON AND LEVINE LAW FIRM, P.C.**, as and for their Verified Complaint, respectfully alleges, upon information and belief:

    1.    That at all times hereinafter mentioned, Plaintiff, **PEGGY HAMIL**, is a lawful resident of the County of Queens, City and State of New York.

    2.    That at all times hereinafter mentioned, defendant **COSTCO TIRE CENTER** is a duly organized unincorporated business existing under and by virtue of the laws of the State of New York.

    3.    That at all times hereinafter mentioned, defendant **COSTCO TIRE CENTER** owned the premises known as 3250 Vernon Blvd, Queens, NY 11106.

    4.    That at all times hereinafter mentioned, defendant **COSTCO TIRE CENTER** and defendant's agents, servants and/or employees operated the premises located at 3250 Vernon Blvd, Queens, NY 11106.

    5.    That at all times hereinafter mentioned, defendant **COSTCO TIRE CENTER** and defendant's agents, servants and/or employees managed the premises located at 3250 Vernon Blvd, Queens, NY 11106.

6. That at all times hereinafter mentioned, defendant **COSTCO TIRE CENTER** and defendant's agents, servants and/or employees maintained the premises located at 3250 Vernon Blvd, Queens, NY 11106.

7. That at all times hereinafter mentioned, defendant **COSTCO TIRE CENTER** and defendant's agents, servants and/or employees controlled the premises located at 3250 Vernon Blvd, Queens, NY 11106.

8. That at all times hereinafter mentioned, defendant **COSTCO TIRE CENTER** and defendant's agents, servants and/or employees repaired the premises located at 3250 Vernon Blvd, Queens, NY 11106.

9. That at all times hereinafter mentioned, defendant **COSTCO TIRE CENTER** and defendant's agents, servants and/or employees inspected the premises located at 3250 Vernon Blvd, Queens, NY 11106.

10. That at all times hereinafter mentioned, defendant **COSTCO TIRE CENTER** leased the premises located at 3250 Vernon Blvd, Queens, NY 11106.

11. That at all times hereinafter mentioned, defendant **COSTCO TIRE CENTER** and defendant's agents, servants and/or employees operated, managed, maintained and controlled the aforesaid premises.

12. That at all times hereinafter mentioned, defendant **COSTCO TIRE CENTER** and defendant's agents, servants and/or employees extended a general invitation to the public to enter and patronize its aforesaid premises.

13. That at all times hereinafter mentioned, defendant **COSTCO WHOLESALE CORPORATION** is a duly organized domestic business corporation, existing under and by virtue of the laws of the State of New York.

14. That at all times hereinafter mentioned, defendant **COSTCO WHOLESALE CORPORATION** is a duly organized foreign business corporation, existing under and by virtue of the laws of the State of Washington.

15. That at all times hereinafter mentioned, defendant **COSTCO WHOLESALE CORPORATION** owned the premises located at 3250 Vernon Blvd, Queens, NY 11106.

16. That at all times hereinafter mentioned, defendant **COSTCO WHOLESALE CORPORATION** and defendant's agents, servants and/or employees operated the premises located at 3250 Vernon Blvd, Queens, NY 11106.

17. That at all times hereinafter mentioned, defendant **COSTCO WHOLESALE CORPORATION** and defendant's agents, servants and/or employees managed the premises located at 3250 Vernon Blvd, Queens, NY 11106.

18. That at all times hereinafter mentioned, defendant **COSTCO WHOLESALE CORPORATION** and defendant's agents, servants and/or employees maintained the premises located at 3250 Vernon Blvd, Queens, NY 11106.

19. That at all times hereinafter mentioned, defendant **COSTCO WHOLESALE CORPORATION** and defendant's agents, servants and/or employees controlled the premises located at 3250 Vernon Blvd, Queens, NY 11106.

20. That at all times hereinafter mentioned, defendant **COSTCO WHOLESALE CORPORATION** and defendant's agents, servants and/or employees repaired the premises located at 3250 Vernon Blvd, Queens, NY 11106.

21. That at all times hereinafter mentioned, defendant **COSTCO WHOLESALE CORPORATION** and defendant's agents, servants and/or employees inspected the premises located at 3250 Vernon Blvd, Queens, NY 11106.

22. That at all times hereinafter mentioned, defendant **COSTCO WHOLESALE CORPORATION** leased the premises located at 3250 Vernon Blvd, Queens, NY 11106.

23. That at all times hereinafter mentioned, defendant **COSTCO WHOLESALE CORPORATION** and defendant's agents, servants and/or employees operated, managed, maintained and controlled the aforesaid premises.

24. That at all times hereinafter mentioned, defendant **COSTCO WHOLESALE CORPORATION** and defendant's agents, servants and/or employees extended a general invitation to the public to enter and patronize its aforesaid premises.

25. That at all times hereinafter mentioned the aforesaid premises was equipped with video surveillance cameras.

26. That at all times hereinafter mentioned the aforesaid premises was equipped with video surveillance cameras that captured the location of the incident referenced herein.

27. That at all times hereinafter mentioned the aforesaid premises was equipped with video surveillance cameras that captured the incident referenced herein involving Plaintiff **PEGGY HAMIL**.

28. That at all times hereinafter mentioned the aforesaid premises was equipped with video surveillance cameras that captured the location for the incident referenced herein but were broken, out of service or non-operational on the date of the incident involving Plaintiff **PEGGY HAMIL**.

29. That at all times hereinafter mentioned, Plaintiff **PEGGY HAMIL,** was a lawful and proper patron in the aforesaid, located at the aforesaid premises.

30. That at all times hereinafter mentioned, it was the duty of the defendants and defendants' respective agents, servants and/or employees to maintain the aforesaid premises in a safe condition and proper state of repair for all persons lawfully thereat.

31. That on or about November 2, 2020, at approximately 1:48 PM, while the plaintiff, **PEGGY HAMIL,** was lawfully and properly traversing the aforesaid location, said plaintiff was caused to trip and fall and violently fall to the ground by reason of the dangerous and hazardous conditions which existed thereat, and, in consequence whereof, said plaintiff was caused to sustain serious and severe personal injuries.

32. The aforesaid occurrence was due solely by reason of the carelessness, recklessness and negligence of the defendants and defendant's agents, servants and/or employees in their ownership, operation, management, maintenance, leasing, repair, inspection, design, supervision, placement and control of the aforesaid premises and more particularly the mats and rugs upon the floor of the **COSTCO TIRE CENTER** at the defendants' premises located at 3250 Vernon Blvd, Queens, NY 11106, in permitting and allowing same to be, become and remain in a dangerous and hazardous condition resulting in the Plaintiff tripping and falling; in failing to make the proper and necessary repairs thereto; in making improper repairs thereto; in permitting and allowing the aforedescribed conditions to remain thereat for a long and/or unreasonable period of time, all to the notice and knowledge of the defendants; in acting with reckless disregard for the safety of others and more particularly the plaintiff herein; in failing to make the proper and necessary inspections thereat, so as to ascertain the dangerous and hazardous condition which existed; in that defendants knew or should have known that said premises, in its aforedescribed condition, could and would, result in an occurrence similar to the one involved herein; in failing to give the plaintiff any warning of the dangers to be encountered; in causing and creating a dangerous condition; in causing and creating the aforesaid condition; in launching an instrumentality of harm; in failing to provide the plaintiff with a safe premises; in failing to place warnings and/or barricades about this dangerous and hazardous condition and in otherwise being careless, reckless and negligent.

33. That the aforesaid occurrence was due solely by reason of the negligence of the defendants and through no fault or lack of care on the part of the plaintiff contributing thereto.

34. That by reason of the aforesaid occurrence, plaintiff sustained serious and severe personal injuries to head, body and limbs; a severe shock to the nervous system; suffered great physical pain and mental anguish; was confined to bed and home and caused to abstain from usual duties and activities; was forced to seek medical aid and attention and to expend divers sums of money for same, in an endeavor to be healed and cured of said injuries, which may be permanent and lasting.

35. That by reason of the foregoing, plaintiff **PEGGY HAMIL** has been damaged in a sum which exceeds the jurisdictional limits of all lower Courts.

36. That by reason of the foregoing, Plaintiff **PEGGY HAMIL** demands a trial by jury.

WHEREFORE, plaintiff **PEGGY HAMIL** demands judgment against the defendants **COSTCO WHOLESALE CORPORATION and COSTCO TIRE CENTER** and/or each of them, in a sum which exceeds the jurisdictional limits of all lower Courts, together with the costs and disbursements of each action.

Dated: New York, New York
May 3, 2021

By: HOWARD RAPHAELSON, ESQ.
RAPHAELSON & LEVINE LAW FIRM, P.C.
Attorneys for Plaintiff
Pennsylvania Building
14 Penn Plaza, Suite 1718
New York, New York 10122
212-268-3222

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---

PEGGY HAMIL,

                Plaintiff,

    -against-

COSTCO TIRE CENTER and COSTCO WHOLESALE CORPORATION,

                Defendants.

---

INDEX NO.

**ATTORNEY'S VERIFICATION**

Howard Raphaelson, Esq., an attorney duly admitted to practice law in the State of New York, makes the following affirmation under the penalty of perjury:

I am of the firm RAPHAELSON & LEVINE LAW FIRM, P.C., the attorneys of record for the plaintiff.

I have read the foregoing Summons and Verified Complaint and know the contents thereof; the same is true to my own knowledge except as to those matters therein stated to be alleges upon information and belief.

This verification is made by affirmant and not by plaintiff because plaintiff resides outside of the County of New York, which is the County where your affirmant maintains offices.

The grounds of affirmant's belief as to all matters stated upon affirmant's knowledge are correspondence had with said plaintiff, information contained in said plaintiff's file, which is in affirmant's possession and other pertinent data relating thereto.

Dated: New York, New York
       May 3, 2021

                                                      _____
                                                        Howard Raphaelson, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

-------------------------------------------------------------

PEGGY HAMIL,

                            Plaintiff,

   -against-

COSTCO TIRE CENTER and COSTCO WHOLESALE CORPORATION,

                            Defendants.

-------------------------------------------------------------

**SUMMONS and VERIFIED COMPLAINT**

-------------------------------------------------------------

**RAPHAELSON & LEVINE LAW FIRM, P.C.**
Attorneys for Plaintiff(s)
Pennsylvania Building
14 Penn Plaza, Suite 1718
New York, New York 10122
(212) 268-3222